**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| 84 LUMBER COMPANY, LP,  ) | |
| ) | |
|     Plaintiff,  ) | |
| ) | Case No. 2:15-cv-1052 |
| v.  ) | Judge Michaael H. Watson |
| ) | Magistrate Judge Kemp |
| THOMPSON THRIFT CONSTRUCTION,  ) | |
| INC.,  ) | |
| ) | |
|     Defendant.  ) | |

### PROTECTIVE ORDER CONTAINING CLAWBACK PROVISION

The parties to this Stipulated Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**(a) No Waiver by Disclosure.** This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses or has disclosed information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

**(b) Notification Requirements; Best Efforts of Receiving Party.** A Disclosing Party must promptly notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure with explanation as specific as possible why the Protected Information is privileged.

Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c)—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. [For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored protected information.]

**(c) Contesting Claim of Privilege or Work Product Protection.** If the Receiving Party contests the claim of attorney-client privilege or work product protection, the receiving Party must—within five business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

**(d) Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c).

**(e) Attorney's Ethical Responsibilities.** Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows

or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

**(f) Burden of Proving Privilege or Work-Product Protection.** The Disclosing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the Protected Information.

**(g) In camera Review.** Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

**(h) Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

**(i) Rule 502(b)(2).** The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

*So Ordered.*

/s/ Terence P. Kemp
United States Magistrate Judge

Dated:  May 9, 2016